IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JOHN O'BRIEN, Individually, )
and in a derivative capacity )
on behalf of SUMMIT MEDICAL )
STAFFING, LLC )
)
)
Plaintiff, )
v. ) No. 07 CV 1495
) Judge Shadur
DARRELL J. HESS, RICHARD ) Magistrate Judge Valdez
"BUDD" CONFOY, ARTHUR HANSEN, )
ABSOLUTE NURSING, LLC, ABSUM )
NURSING LLC, JUSKO KINCAID, )
PATRICK K. SMITH, AND SUMMIT )
MEDICAL STAFFING, LLC, )
)
Defendants.

## MEMORANDUM OPINION AND ORDER

Patrick Smith ("Smith"), one of ten defendants in this action brought by John O'Brien ("O'Brien"), both individually and also derivatively on behalf of Summit Medical Staffing, LLC ("Summit"), has filed a Notice of Removal ("Notice") to bring this action from the 18th Judicial Circuit Court of DuPage County to this District Court, seeking to invoke federal jurisdiction on diversity of citizenship grounds. This Court sua sponte remands this action to the state court because subject matter jurisdiction is unquestionably lacking.

After nearly a decade of increasingly sharp criticisms on the subject emanating from our Court of Appeals -- ranging from Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) to Wise

v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006), with a good many intervening opinions delivering the selfsame message -- it is well past time to hold federal practitioners (who should know better) responsible for their irresponsibility. When that uninterrupted line of precedent is applied here, it inexorably demonstrates that the requisite diversity is absent.

Leave aside the carelessness of Smith's counsel in referring to individual parties' states of residence rather than citizenship, though that alone is a flaw that calls for remand under the principle exemplified by such cases as Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). If Smith is given the benefit of the doubt by assuming that each individual's state of citizenship coincides with his state of residence, the fact that plaintiff O'Brien is a member of defendant Summit (Complaint at ¶3) means that there is an Illinois citizen on both sides of the "v." sign -- hence no diversity. If instead Summit is viewed as a plaintiff (as is sometimes appropriate in derivative actions), there are Ohio citizens on both sides of the "v." sign -- again no diversity.

In all events, then, it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)), so that the same statutory section mandates remand. This Court so orders, and the clerk is

ordered to mail a copy of the remand order forthwith.

 _____
 Milton I. Shadur
 Senior United States District Judge

Date: March 19, 2007

G:\o'brien hess.wpd